# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BANCOT GLOBAL TECHNOLOGIES, INC,**

    **Plaintiff**

**-vs-**                                                                                    **Case No. 6:05-cv-246-Orl-28DAB**

**SAFEWAY, INC., and RIVALWATCH, INC.,**

    **Defendants**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's response to the Order to Show Cause issued by this Court (Doc. No. 15). It is **respectfully recommended** that this action be **dismissed** and Dale Pate be **admonished**, as set forth herein.

Dale Pate (herein "Pate") brought this action on behalf of Plaintiff, Bancot Global Technologies, Inc. (herein "Bancot") (Doc. No. 1). Pate signed the Complaint as "CEO & President" of Bancot, which he alleged is "a for profit corporation formed in the State of Washington and [sic] conducts business in Daytona Beach, Florida." Pate also filed a motion, as "CEO & President" of Bancot, seeking to place the file under seal, and for a "gag" order (Doc. No. 2). As Pate is not an attorney and corporations can only appear in this Court through counsel, the undersigned issued an Order and Report and Recommendation, striking the motion and recommending dismissal of the

Complaint, without prejudice to Plaintiff obtaining counsel and counsel filing an Amended Complaint (Doc. No. 3).

Rather than obtaining counsel, Pate filed a motion for temporary restraining order, with memorandum (Doc. Nos. 4 and 5), an Amended Complaint (Doc. No. 7), and a motion, with memorandum, for rehearing of the motion to seal (Doc. Nos. 8 and 9); all designating Plaintiff as "Dale Pate d/b/a Bancot Global Technologies." Pate represented to the Court: "Plaintiff in his capacity acted as a sole proprietorship and *mistakenly identified* himself as corporation and the complaint has been amended to reflect such." (Doc. No. 8 at 1, emphasis added).

The District Court immediately denied the motion for temporary restraining order as "a transparent attempt to end-run around the Order and Report and Recommendation." (Doc. No. 10).[1] Shortly thereafter, this Court denied the motion for rehearing of the motion to seal, and ordered Pate to show cause why sanctions should not be imposed against him for violating Rule 11 with respect to misrepresenting the status of Bancot. (Doc. No. 11). As set forth in the show cause Order, this Court found reason to believe that Dale Pate, signatory of the Complaint and Amended Complaint made knowingly false statements; namely that Bancot was a "sole proprietorship" and not a corporation, as he originally claimed. The Court cited to the state records reflecting Bancot's corporate status, as well as Bancot's own website, which confirmed that Bancot was a corporate entity and that Pate had held Bancot out as such.

In response (Doc. No. 15), Pate acknowledges that he is an officer and sole shareholder of Bancot, a corporation incorporated in Washington state, but contends that he is not "officially" the

---

[1]The District Court also noted that the requirements of the federal and local rules had not been met and no exigent circumstances required the relief sought. *Id.*

CEO and President of the corporation.  Pate contends that he has "himself pierced the corporate veil" because he "owns all of the property and assets of Bancot Global Technologies, . . . pay[s] all of the bills related to Bancot Global Technologies, [is] imputed with personal liability for all of Bancot liabilities, and . . . manage[s] and control[s] the business." (Doc. No. 15, p. 2).  As the corporation is not registered with the State of Florida, Pate therefore contends that he operates Bancot as "a sole proprietorship" as defined by the State of Florida and the Internal Revenue Service.  Pate contends that he did not mislead the Court, but was merely "mistaken" in representing himself as CEO and President and in representing Bancot as a corporation when it is operated as a sole proprietorship. Further, Pate asserts that he can maintain this action *pro se* as an individual, doing business as a sole proprietorship.  Pate is wrong as a matter of law.

A corporation is, by definition, a legal entity, separate and distinct from its incorporators or shareholders.  Federal and Florida courts have long recognized and rigorously adhered to this universally accepted principle.  *See Molenda v. Hoechst Celanese Corp*, 60 F.Supp.2d 1294, 1300 (S.D. Fla. 1999), *affirmed,* 212 F. 3d 600 (TABLE), (11th Cir. 2000) ("Indeed, the well-settled rule is that a corporation is a separate legal entity and, thus, that separate corporate form cannot be disregarded. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 786, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984).  In Florida, a corporate veil will be pierced only in exceptional circumstances, such as for fraud or where the corporation is formed for some illegal purpose.  *State ex rel. Continental Distilling Sales Co. v. Vocelle,* 158 Fla. 100, 27 So.2d 728, 729 (1946).");  *Hilton Oil Transport v. Oil Transport Co., S.A.*, 659 So.2d 1141, 1152 (Fla. 3rd DCA 1995)("Under Florida law, the corporate veil will not be pierced absent a showing of improper conduct. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114 (Fla.1984); *Ally v. Naim*, 581 So.2d 961 (Fla. 3d DCA 1991); *Sky Lake*

*Gardens Recreation, Inc. v. Sky Lake Gardens*, 574 So.2d 1135, 1137 (Fla. 3d DCA 1991). Therefore, the corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them. *Dania Jai-Alai*, 450 So.2d at 1120. The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally. *Id., quoting Advertects, Inc. v. Sawyer Indus.*, 84 So.2d 21, 23 (Fla.1955)."); *Lipsig v. Ramlawi*, 760 So.2d 170, 187 (Fla. 3rd DCA 2000) ("Moreover, even if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained. [internal citation omitted]."

Here, Pate now acknowledges, as he must, that Bancot Global Technologies, Inc. is an active, for-profit corporation. Thus, Pate does not *personally* own the corporate assets, the corporation does. Nor is Pate personally liable for corporate debt, merely by virtue of being the sole stockholder.[2] As is clear, unless Pate is contending that he organized the corporation in order to mislead creditors or work a fraud upon them, the lawful existence of Bancot Global Technologies, Inc., even if it is not "registered" in the State of Florida, estops Pate from asserting that the business is a mere sole proprietorship. For better or worse, until corporate death (by dissolution or otherwise) do ye part, this

---

[2]Of course, Pate is free to voluntarily assume corporate debt or liabilities. If that is the case, however, the Court wonders why the company was incorporated in the first instance.

Court is obliged by the above principles to recognize the extant corporation, even if the (allegedly) sole shareholder does not.[3]

The import of the distinction is readily apparent. Although Pate claims that he owns all of the corporate assets, the corporation's website (www.Bancot.com) asserts that the corporation has "several pending Patents," owns "trade secrets," and affixes a trademark designation to the name "Bancot" and "e-counter" (thus, implying that the corporation owns the marks, if, in fact, such marks exist.) These trade secrets and pending patent are the subject of the Complaint and Amended Complaint filed herein.[4] Moreover, the Complaint and Amended Complaint assert a contractual relationship between Bancot and Defendant Safeway. As is clear, any cause of action plead herein belongs to the corporation, and not to Dale Pate individually. As stated in prior Report and Recommendation, a corporation cannot be represented in this Court by a non-lawyer. Pate does not contend that he is an attorney. The Court finds nothing in Pate's response to alter the prior recommendation of dismissal. As such, it is **respectfully recommended** that the Amended Complaint be **dismissed**. Should Bancot wish to pursue this or any other claim in this Court, it must do so *only* through counsel.

As for the matter of sanctions, a pro se litigant is subject to Rule 11, which imposes sanctions for the filing of baseless or frivolous lawsuits. *Schramek v. Jones*, 161 F.R.D. 119, 121 (M.D. Fla. 1995). Under Rule 11, a district judge "shall" or must impose sanctions for a violation. *Didie v.*

---

[3] The Court acknowledges the dearth of specific authority addressing the unique scenario presented here; namely, a sole stockholder seeking to avoid the corporate status he apparently created and, to date, perpetuated. Faced with such a scenario, however, the Court is constrained to hold that an existing, active corporation is a legal, separate entity until some action is taken to change its status. This is not to say that a sole stockholder cannot take steps to dissolve the corporation, only that such action is not present on this record.

[4] Note that the pleadings state that Bancot, (and not Dale Pate), has a pending U.S. Patent and related trade secrets.

*Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993). The Eleventh Circuit has recognized three types of conduct that warrant Rule 11 sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Id., citing Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir.), *cert. denied*, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991). This district has held that Rule 11 sanctions are mandatory when a signed paper is submitted to the court under the aforementioned conditions. *Schramek*, 161 F.R.D. at 120.

The conduct at issue here is sanctionable, as one or more of the above conditions have been met. The Amended Complaint alleges: "BANCOT GLOBAL TECHNOLOGIES is a sole proprietorship conducting business in Daytona Beach, Florida." (Doc. No. 7 at 1). As is clear from Plaintiff's own admissions (as well as state records), this statement has no reasonable factual basis as Bancot is a corporation, and Pate, as officer of the corporation, was well aware of that fact.[5] Further, the District Court has already found that the filing of the motion for temporary restraining order was a "transparent attempt to end-run around the Order and Report and Recommendation," which this Court interprets as a finding that the filing was for an improper purpose.[6]

---

[5]The Court finds Pate's Response to the show cause Order to be disingenuous, and denies his plea for more time to gather records and hold a hearing on the "convoluted and opaque" facts. No hearing is needed as the only material fact – Pate's knowledge of Bancot's corporate existence -- is crystal clear and undisputed.

[6]The Court is similarly unimpressed by Pate's current contention that he is not "officially" the CEO & President of Bancot, even though he claimed to be in pleadings filed with this Court. If, in fact, Pate is not the President and CEO of Bancot, he has misrepresented yet another fact to the Court, which may, in itself, be a Rule 11 violation. The Court need not make that determination, however, as Pate acknowledges that he is an "officer" of the corporation, which is enough for present purposes. Pate's apparent willingness to misrepresent his status and the status of the corporation is not lost on the Court, however.

As sanctionable conduct has occurred, the Court is left with the task of fashioning appropriate sanctions. The posture of this case is unusual, and makes this task more difficult than normal. Although the typical sanction is attorney's fees and costs, here, such a sanction is clearly inapplicable as Plaintiff's transgressions involve his standing to prosecute this case, and the defense has yet to file an answer or other paper of substance.[7] As the Court has already recommended dismissal of the Amended Complaint, without leave to amend pro se, the striking of pleadings would be redundant. While Pate's conduct is sanctionable, it is not contemptuous, and the Court finds that imposing a monetary penalty unrelated to attorney's fees is not warranted. The Court is therefore left with the sanction of a public admonishment. Taking into account Plaintiff's pro se status, the lack of an opportunity to utilize the "safe harbor" provision of Rule 11, and the absence of any prejudice (other than trying the Court's patience), the undersigned therefore **respectfully recommends** that Dale Pate be **admonished** for his conduct and advised that the Court will tolerate no further misrepresentations, should Pate have occasion to appear pro se before this Court in some future case. As for the instant case, any further pleadings in this matter filed on behalf of Bancot, the sole plaintiff in this litigation, shall be filed through counsel, or shall be stricken.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 1, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[7]Due to the posture of the case, Plaintiff was not served under the safe harbor provision of Rule 11.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy